UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-0257-KJD-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| MAURICE M. MCCOY, | |
| Defendant. | |

Before the Court is Maurice McCoy's Application for Early Termination of Supervised Release (ECF No. 22). The government responded (ECF No. 24), but McCoy did not reply.

In January of 2006, McCoy was sentenced to 120 months of incarceration with 5 years of supervised release to follow for conspiracy to possess with intent to distribute cocaine base and cocaine. McCoy entered supervised release on April 7, 2014. In December of 2015, McCoy violated the terms of his supervision. The Court held a revocation hearing on January 19, 2016, and McCoy admitted several violations. The Court then sentenced McCoy to a 6-month sentence followed by 48 months of supervised release. ECF No. 21. On February 28, 2018, McCoy moved to terminate his supervised release early. He argues that his compliance with the terms supervision since his 2015 violations justifies early termination.

The Court may terminate supervised release after one year subject to the factors set out in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), a(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). The Court has broad discretion to consider the statutory factors to terminate supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). However, the defendant bears the burden to demonstrate that early termination is warranted. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). Here, the Court finds that McCoy has not made the necessary showing to terminate his supervised release. First, mere compliance with the terms

of supervised release is not enough to terminate supervision early. Offenders on supervised release are expected to comply with the conditions of release. In fact, "even perfect compliance with [those] conditions," on its own, does not warrant early termination. United States v. Etheridge, 999 F. Supp. 2d 192, 196 (D.D.C. 2013).

And even if compliance with the terms of supervised release was enough to terminate supervised release early, McCoy has not perfectly complied. McCoy admitted to several violations of the terms of his supervised release in late 2015. Then, in June of 2019, McCoy stopped reporting to his probation officer as directed in the terms of supervision. That prompted Probation to seek revocation of McCoy's supervised release and a warrant for his arrest. It goes without saying that McCoy's probation officer opposes early termination. In sum, McCoy's actions have demonstrated his inability to comply with the terms of his supervised release, and he does not qualify for early termination.

Accordingly, IT IS HEREBY ORDERED that Maurice M. McCoy's Application for Early Termination of Supervised Release (ECF No. 22) is **DENIED**.

Dated this 28th day of October, 2019.

_____
Kent J. Dawson
United States District Judge